UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No.: 3:15-mj-1170-J-JRK

UNITED STATES OF AMERICA

vs.

JOSHUA RYNE GOLDBERG
_____________________________/

**DEFENDANT'S RESPONSE TO MEDIA'S MOTION TO INTERVENE**

The Defendant, JOSHUA RYNE GOLDBERG, by and through the undersigned attorneys, Shorstein, Lasnetski & Gihon, LLC, hereby responds to the Motion to Intervene for the Purpose of Opposing Defendant's Motion to Seal Competency Evaluation Report, and Request for Hearing (Doc. 33, hereinafter, "Motion to Intervene") as follows:

**PROCEDURAL BACKGROUND**

This Court granted undersigned counsel's motion to order that Defendant be evaluated for competency. Defendant was evaluated, and a report was generated by Dr. Lisa Feldman that outlined her conclusion that Defendant is not competent to proceed (hereinafter, the "Report"). A competency hearing was held on December 14, 2015, during which Dr. Feldman testified as to her review of Defendant's mental health records, observations, testing, test results and ultimate opinions. At the conclusion of the hearing, this Court found that Defendant was not competent to proceed or stand trial. Dr. Feldman's Report was introduced into evidence by the government as Exhibit 2. After orally moving that the Report be filed under seal, Defendant filed a written motion to seal the Report that was unopposed by the government (Doc. 28).

On December 29, 2015, certain members of the media filed their Motion to Intervene. By order on December 30, 2015 (Doc. 35), this Court instructed counsel to file a response to the media's motion.

## **MEMORANDUM OF LAW AND ARGUMENT**

After two initial paragraphs of sensational rhetoric regarding terrorism, including statistics illustrating the public's irrational fear thereof, undoubtedly fomented by media coverage, the Motion to Intervene cites a case that specifically addresses the issue of whether to seal the Report. Beyond that, the media's motion suggests a potential compromise with which Defendant does not necessarily disagree.

As an initial matter, it is important to characterize the competing interests involved. Defendant has a significant right to privacy that is implicated by the dispute. The Fourth Amendment creates a "right to privacy no less important than any other right carefully and particularly reserved to the people." *Griswold v. State of Connecticut*, 381 U.S. 479, 484 (1965). That privacy interest was further discussed in the context of medical records in the case of *United States v. Guerrero*, 693 F.3d 990 (9th Cir. 2012), which was cited in the Motion to Intervene.

The *Guerrero* case involved a defendant who had been indicted for murder. Other cases cited by the media in their motion also involve cases where defendants had been indicted or formally charged with a crime. When evaluating Defendant's right to privacy, the distinction regarding his current status should be noted. While he has been charged by complaint, he has not been indicted. Defendant would submit that his right to privacy as an unindicted defendant would be somewhat greater than that of a defendant further along in the criminal justice system.

In the *Guerrero* case, the defendant sought an order much broader than what Defendant seeks in this case. That defendant moved to seal the evidentiary hearing, any exhibits received into evidence at the hearing, any post-hearing briefs and the findings of fact issued by the court. The district court denied the defendant's motion. The Appellate Court did not reach the merits of the case. They dismissed the appeal for lack of jurisdiction, but not without a discussion of the matter.

The Court in *Guerrero* noted that the defendant's interest in his right to privacy was significant. *Id.* at 998, See also *Columbia Packing Co., Inc. v. U.S. Dept. of Agriculture*, 563 F.2d 495, 498 (1st Cir. 1977) (In an administrative proceeding where the government sought medical records from the company's employees, the Court described their privacy interests as "weighty" and held that they outweighed the "public interest in disclosure.") The Court went on to mention that competency hearings have historically been open to the public, and an open competency hearing would not substantially imperil the defendant's privacy interests. *Id.*

Of course, the Court was referring to the competency hearing, which is not at issue in the instant case. Competency hearings generally are held to determine whether the defendant is competent to proceed in his/her case and ultimately stand trial. As a result, evidence and issues specifically related to that determination are examined at a competency hearing. Competency reports are broader and contain medical and personal information that are not necessarily relevant or material to a competency determination. Therefore, the analysis of opening a competency hearing to the public would be somewhat different than opening a competency report to the public.

Defendant certainly concedes that the public also has a significant interest in open access to criminal trials and pretrial hearings to ensure they are conducted fairly. *Id.* at 1001. Since we are dealing with competing, significant interests, the question is how to fashion a ruling that appropriately recognizes and balances those interests. The *Guerrero* cases provides direction.

Defendant does not surrender his right to privacy because he may not be fit to stand trial[1]. The need to determine the competency of Defendant has critical due process implications which should not deprive him of his right to privacy. *Id.* at 1003. The court should give weight to Defendant's privacy interests when considering access to judicial proceedings and related documents. As the Appellate Court in *Guerrero* indicated that Defendant's right to privacy is "compelling" in this context, it went on to suggest that a compromise would be appropriate to balance the interests of the parties. *Id.*

To that end, Defendant proposes that the Report should be filed openly with certain passages redacted. The parts of the Report that are material to the competency determination would be open to the public. Other parts that contain private and/or medical information that are not material to the competency determination would be redacted, including historical references to Defendant and medical information about Defendant as a minor. For instance, the information beginning on page three under the

---

[1] Defendant did not explicitly waive his right to privacy in this matter. As stated in Defendant's prior motion (Doc. 28), assuming he properly understood the disclaimers he was given prior to the evaluation, he was informed that testimony regarding Defendant and the evaluation process would be presented in open court. He was also informed that a competency evaluation report would be generated. However, he was told that the Report would only be distributed to the judge, his attorney and the prosecuting attorney. He was not aware that the Report might be filed openly for anyone to read, and it is unlikely that he would have appreciated the contents and breadth of the Report at that time.

heading "Background Information" from "Developmental History" through "Psychiatric History" would be redacted. In the "Behavioral Observations" paragraph on page four, certain references in the second half of that paragraph that document embarrassing behavioral findings would be redacted. There is similar information in the second sentence of the following paragraph.

## CONCLUSION

Based on the arguments and authorities cited above, Defendant respectfully submits that the most appropriate way to resolve the competing interests at issue would be to file the Report unsealed, but with certain parts immaterial to the competency determination redacted as referenced above.

Shorstein, Lasnetski & Gihon, LLC

/s/ Paul Shorstein
Paul Shorstein
FL Bar No.: 814431
Jeremy Lasnetski
FL Bar No.: 0512524
Harry Shorstein
FL Bar No.: 93316
6550 St. Augustine Rd., Ste. 303
Jacksonville, Florida 32217
(904) 642-3332
Paul@Jaxtriallaw.com
Attorneys for the Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on January15, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the interested parties.

/s/ Paul Shorstein
Attorney