UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 3:15-mj-1170-J-JRK

JOSHUA RYNE GOLDBERG

**UNITED STATES' RESPONSE TO COURT'S ORDER**
**CONCERNING MOTION TO INTERVENE AND REQUEST FOR HEARING**

The United States of America, by A. Lee Bentley, III, United States Attorney for the Middle District of Florida, by and through the undersigned Assistant United States Attorney, hereby files this response to the Court's Order directing that the Defendant and the Government file a response to the Motion to Intervene for Purposes of Opposing Defendant's Motion to Seal Competency Evaluation Report, and Request for Hearing. (Doc. No. 35).

## ARGUMENT

I. STANDING / REQUEST FOR HEARING

The First Amendment and common-law provide the media with a qualified right of access to court proceedings and records. *Press Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980). The media can act as the eyes and ears of the public, thereby giving it standing to seek to intervene in order to obtain access to documents and judicial proceedings. *Chicago Tribune Co. v. Bridgestone/Firestone Inc.,* 263 F.3d 1304, 1309 (11th Cir. 2001). This principal of law applies in a civil context. *Brown v. Advantage Engg, Inc.,* 960 F.2d 1013 (11th Cir. 1992). It is also applicable in a

criminal context. *United States v. Ellis,* 90 F.3d 447 (11th Cir. 1996). In this case the parties seeking to intervene are comprised of Morris Publishing Group LLC, The Associated Press, Multimedia Holdings Corporation, Graham Media Group, Florida, Inc. and Cox Television Jacksonville, LLC, WJAX/WFOX (hereafter "Media Intervenors"). (Doc. No. 33). Based on the aforementioned precedent in this circuit the United States does not challenge the standing of the Media Intervenors or their request for a hearing.

II. ACCESS TO COMPETENCY REPORT

The media's right of access to criminal trial proceedings and records is grounded in two basis of law: 1) constitutional and 2) common-law. The First Amendment provides the media with a constitutional right of access. *Chicago Tribune Co.*, 263 F.3d at 1310. *See also*, Globe Newspaper Co. v. Superior Court of County of Norfolk*,* 457 U.S. 596 (1982). Common-law also provides the media a basis for right of access. *Newman v. Graddick*, 696 F.2d 796 (11th Cir. 1983). However, there is no absolute right for the media to inspect and copy records. *Id.* at 803. *See also,* Nixon v. Warner Communications, 435 U.S. 589, 598 (1978).

Under a First Amendment analysis the party moving to deny access to the public or media must show that the denial of access is necessitated by a compelling interest and narrowly tailored to serve that interest. *Chicago Tribune Co.*, 263 F.3d at 1310. The common-law right of access establishes a presumption that criminal and civil actions should be conducted in view of the public. *Id*. at 1311. Under the common-law right "the right to inspect and copy is not absolute,

however, id., and a judge's exercise of discretion in deciding whether to release judicial records should be informed by a "sensitive appreciation of the circumstances that led to … [the] production [of the particular document in question]." *Id*. (quoting Nixon 435 U.S. at 598, 602-03). This common-law analysis is further shaped by Eleventh Circuit precedent involving circumstances wherein the media has already gained substantial access to the contents of the records. *United States v. Rosenthal*, 763 F.2d 1291 (11th Cir. 1985). In these circumstances while there is still a presumption in favor of the right of access the court may properly balance this right against important competing interests. *Id.* at 1294.

> The Supreme Court has indicated a number of relevant factors in the balancing test. [The] district courts [should] look to whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, whether access is likely to promote public understanding of historically significant events, and whether the press had already been permitted substantial access to the contents of the records.

*Id*. (quoting *Newman*, 696 F.2d at 803). In a trial context the court can also consider whether administrative difficulties in providing access to material would cause disruption to the trial. *Id.* at 1295.

The United States agrees with the Media Intervenors that the Defendant's Motion to Seal Competency Evaluation Report (hereafter "Motion to Seal") did not specifically address the issue of the media's right of access under a First Amendment or common-law analysis. (Doc. No. 28) Nor does the recently filed Defendant's Response to Media's Motion (hereafter "Defendant's Response")

address the First Amendment or common-law analysis. (Doc. No. 36) Neither of the Defendant's pleadings address the fact that the media has already gained substantial access to the contents of the Competency Report (hereafter "Report") based on the public competency hearing which was observed by members of the media. (Docs. No. 25, 28, 36). While the Defendant's pleadings do discuss the circumstances which lead to the production of the Report, the pleadings do not clearly articulate the "compelling interest" necessitating denial of access to the Report. (Docs. No. 28 at 1-2, 36). The Defendant's Motion to Seal primarily centers on the detailed medical / mental health information contained in the Report to include information from when the Defendant was a juvenile. (Doc. No. 25). While not using the terminology of "compelling interest[1]" in the Defendant's Response there is a lengthy discussion of the Defendant's "significant right to privacy" which the Defendant appears to equate with a "compelling interest." (Doc. No. 36). *Chicago Tribune Co.*, 263 F.3d at 1310.

The United States takes the position that the privacy interest associated with the medical / mental health information in the Report does provide a compelling interest that would serve as a basis for denying the Media Intervenors motion. However, as further argued below the Media Intervenors should not be denied access to the entire Report. In taking this position the United States was unable to find any Eleventh Circuit precedent that was analogous to the facts of this case in support of its' position and recognizes this determination is left to the

1 Defendant's Response used the term "compelling" once, but it was in the context of quoting the *Guerrero* decision. *United States v. Guerrero*, 693 F.3d 990, 1002 (9th Cir. 2012).

sound discretion of the court. *Rosenthal*, 763 F.2d at 1295. The United States further acknowledges that the Media Intervenors have correctly cited to persuasive authority on the state and federal level to include the Ninth Circuit *Guerrero* case relied on heavily by the Defendant wherein courts allowed media access to competency related documents and ruled that competency hearings are generally open, barring circumstances justifying closure. *United State v. Guerrero*, 693 F.3d 990 (9th Cir. 2012).

Given that the media has already gained substantial access to the contents of the Report based on the public competency hearing and consistent with the factors outlined in *Rosenthal*, the United States proposes that a redacted Report be unsealed. Similar to the Defendant's proposal outlined in Defendant's Response, the Defense and United States would redact out medical / mental health information that was not specifically discussed at the competency hearing. The parties would then submit the redacted Report to the Court for review. This narrowly tailored procedure would properly balance the First Amendment and common-law concerns with the compelling interest at stake.

The United States agrees with the Media Intervenors that the Defendant's Motion to Seal does not comply with Local Rule 1.09(c) and that the recently filed Defendant's Response is also not in compliance with Local Rule 1.09(c) because neither pleading stated a time limit for the sealing.

## CONCLUSION

The United States respectfully requests that the Court enter an Order denying the Media Intervenors motion and furthering ordering the production of a redacted copy of the Report to the Media Intervenors.

Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney

By: *s/ Kevin C. Frein*
KEVIN C. FREIN
Assistant United States Attorney
Florida Bar No. 0149144
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone: (904) 301-6300
Facsimile: (904) 301-6310
E-mail: kevin.frein@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19th, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Paul Shorstein, Esquire
Counsel for Defendant

Jennifer A. Mansfield, Esquire

Timothy J. Conner, Esquire

Edward L. Birk, Esquire.

*s/ Kevin C. Frein*
KEVIN C. FREIN
Assistant United States Attorney